IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EJIKE OKPA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2162-M-BH |
| | § | |
| BANK OF NEW YORK MELLON, AS | § | |
| TRUSTEE, FOR THE BEAR STEARNS | § | |
| ASSET BACKED SECURITIES TRUST | § | |
| 2002-1 ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2002-1 and | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

By order of reference dated March 4, 2020 (doc. 11), before the Court for determination is *Defendants' Motion for Costs, Fees, and to Stay Proceedings under Rule 41 and Brief in Support*, filed September 19, 2019 (doc. 5). Based on the relevant filings and applicable law, the defendants' motion is **DENIED**.

## I. BACKGROUND

On June 4, 2018, Ejike Okpa (Plaintiff) sued Bank of New York Mellon, as Trustee for the Bear Sterns Asset-Backed Securities Trust 2002-1 Asset-Backed Certificates, Series 2002-1 (New York Mellon) and Select Portfolio Servicing, Inc. (SPS) (collectively Defendants), in the 68th Judicial District Court of Dallas County, Texas. (*See* docs. 5 at 1; 5-2.)[1] He alleged that Defendants' lien on his homestead was void under § 16.035 of the Texas Civil Practice and Remedies Code, and he sought a declaratory judgment finding the lien void and a temporary injunction to enjoin a foreclosure sale of his homestead. (*See* doc. 5-2 at 6-7.) On the same day,

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff's ex-wife filed a separate action against SPS, in the 95th District Court of Dallas County, Texas. (docs. 5-1 at 4; 7 at 2.)  Both actions were removed to federal court on June 28, 2018, and the district court granted the motion to consolidate both actions on July 13, 2018 (collectively First Lawsuit). (*Id.*)  On September 21, 2018, SPS moved for judgment on the pleadings on the ex-wife's claims, and on April 2, 2019, the district court granted the motion and dismissed her claims with prejudice.  (doc. 5-1 at 5-6.)  The day before, on April 1, 2019, Defendants had moved to dismiss Plaintiff's claims for failure to state a claim, and he subsequently filed an unopposed stipulation of dismissal on June 18, 2019.  (*Id.* at 6.)  On the same day, the district court construed the stipulation as a motion to dismiss, granted it, and dismissed his claims without prejudice. (*Id.*)

On August 30, 2019, Plaintiff filed this action against Defendants in County Court at Law No. 4, Dallas County, Texas.  (doc. 1-1 at 6-15.)  He seeks a declaratory judgment finding that Defendants' lien on his homestead is void, as well as injunctive relief enjoining them from foreclosing on his homestead. (*Id.* at 10-11.)  On September 12, 2019, Defendants removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. (*See* doc. 1).  On September 19, 2019, Defendants filed their motion for costs under Rule 41(d), seeking $41,317.50 for attorney's fees incurred in the First Lawsuit and a stay of proceedings until Plaintiff pays the fees. (doc. 5 at 3-4.)  Plaintiff responded on October 10, 2019, and Defendants replied on October 24, 2019. (docs. 7, 9.)

## II. ANALYSIS

Rule 41(d) of the Federal Rules of Civil Procedure provides:

If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and
(2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).   The purpose of the rule is to deter litigants from forum shopping or filing vexatious suits.   *Portillo v. Cunningham*, 872 F.3d 728, 739 (5th Cir. 2017) (citing *Andrews v. America's Living Ctrs., LLC*, 827 F.3d 306, 309-12 (4th Cir. 2016)).   It "also serves to compensate a defendant for expenses incurred unnecessarily in defending against an action that is later dismissed and re-filed."   *Stepan v. PNC Bank, N.A.*, No. 4:14CV230, 2014 WL 5166296, at *2 (E.D. Tex. Oct. 14, 2014).   "Although a showing of bad faith is not required for the Court to impose costs, a showing of good faith may be a factor in the Court's decision not to impose costs." *Walkaway Canada, Inc. v. You Walk Away, LLC*, No. 3:10-CV-2657-L BF, 2011 WL 2455734, at *2 (N.D. Tex. May 12, 2011), *adopted by* 2011 WL 2455716 (N.D. Tex. June 20, 2011) (citing  *ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 122 (E.D. Tex. 2009)); *see also G.C. & K.B. Investments, Inc. v. Fisk*, No. CIV.A. 01-1256, 2002 WL 27772, at *7 (E.D. La. Jan. 8, 2002) (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2375 (2d ed. 1987) ("A court may refuse to impose costs on the plaintiff if it appears that there was good reason for the dismissal of the prior action."). "The award of costs is at the Court's discretion."   *See ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 122 (E.D. Tex. 2009).

Here, Plaintiff voluntarily dismissed the First Lawsuit, and his response does not dispute that the claims in this case are the same ones he asserted in that case.   (*See* doc. 7.)   It does not state his reasons for dismissing the First Lawsuit or attempt to make any showing of good faith.   Defendants have therefore shown that they may be entitled to some or all of the costs incurred in the First Lawsuit.   *See* Fed. R. Civ. P. 41(d).

When determining the amount of recoverable costs under Rule 41(d), a court may consider whether any expenses incurred in the prior action are for work that can be reused in the current action.  *See Sammons v. Economou*, No. SA18CA194FBHJB, 2018 WL 7351695, at *5 (W.D. Tex. Oct. 10, 2018), *adopted by* 2018 WL 7351696 (W.D. Tex. Oct. 31, 2018).  As a general rule, courts should not impose any costs associated with work that will be useful to the defendant in the subsequent litigation.  *See Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996); *Wolf v. Pac. Nat'l Bank, N.A.*, No. 09-21531-CIV, 2010 WL 1462298, at *4 (S.D. Fla. Mar. 18, 2010), *adopted by* 2010 WL 1489995 (S.D. Fla. Apr. 13, 2010) ("It is well understood that an award of fees for purposes of Rule 41 should not award such fees when the work involved will prove necessary for the ultimate resolution of the second-filed action."); *see also Walkaway Canada, Inc.*, 2011 WL 2455734, at *3 (awarding expenses for work on motions in prior case because they involved matters "completely irrelevant to the new action"); *Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012, 1024-25 (E.D. Mo.2006) (limiting award to costs incurred for work that was useless in second action).

Here, Defendants provide counsel's affidavit, which states that "from June 2018 through dismissal in June 2019, Defendants incurred $41,317.50 in necessary attorney's fees in the First Lawsuit," and that the fees were "reasonable and necessary." (*See* doc. 5-3 at 3.)  The affidavit does not provide any details about the work performed or hours billed in the First Lawsuit, and there is no information on the expenses incurred on the ex-wife's claims, but Defendants contend that "it is clear that the bulk of the costs associated with the First Lawsuit involved dealing with Plaintiff's claims, not his ex-wife's claims."  (doc. 9 at 7.) They also argue that not all work done in the First Lawsuit can be re-used in this lawsuit, despite their claim that Plaintiff's complaint in this case

4

"contains allegations and claims for relief that are almost word-for-word to those in First Lawsuit." (doc. 5 at 3-4.)  Given these similarities, "[i]t would be logical to assume that some of the work performed earlier could be utilized in this action." *Stepan*, 2014 WL 5166296, at *2.  Although Defendants maintain that the Court has the discretion to reduce the award as it sees fit, they fail to provide any supporting documentation justifying their requested award amount.  Without supporting documentation, a determination of what expenses should be reduced for prior reusable work and for work on the ex-wife's lawsuit cannot be made.

Moreover, the entire sum requested in the motion is solely for Defendants' attorney's fees from the First Lawsuit.  (*See* doc. 5 at 3; 5-3 at 3.)  While the circuits are split as to whether attorney's fees are recoverable as "costs" under Rule 41(d), the Fifth Circuit has concluded that "[f]ee awards are permitted under Rule 41(d) only if the underlying statute defines 'costs' to include fees.' " *Portillo*, 872 F.3d at 739.  Defendants have not shown that the underlying statute in this action supports an award for attorney's fees as costs, however.  *See id.* at 740 n.26 (explaining that Rule 41(d) required defendants to show a proper basis for an award of attorney's fees as costs based on plaintiff's claims under Texas statutes and common law).  Moreover, even where there is a legal basis for awarding fees, the Fifth Circuit has held that a conclusory attorney affidavit, without more, is insufficient to support a motion for costs under Rule 41(d).  *See id.* at 742; *Bynum v. Am. Airlines, Inc.*, 166 F. App'x 730, 736 (5th Cir. 2006) (per curiam) (rejecting request for attorney's fees and costs when the only evidence submitted was an attorney's affidavit that stated "in conclusory fashion" the total amount of attorneys' fees and costs incurred in connection with defending the matter); *see, e.g., Stepan*, 2014 WL 5166296, at *2 (denying Rule 41(d) motion as "the affidavit fails to provide the Court with sufficient detail to support an award for attorney's fees").

5

Because Rule 41(d) does not expressly provide for attorney's fees, Defendants have not identified a basis for awarding fees as costs for the claims asserted in this lawsuit, and they have not provided sufficient supporting documentation justifying their requested fees, they are not entitled to recover their attorney's fees under Rule 41(d).

### III. CONCLUSION

Defendants' Rule 41(d) motion for costs is **DENIED.**

**SO ORDERED** on this 30th day of May, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE